563 A.2d 576

**Nolan A. PERIN and Diane M. Perin, his wife, Appellants,**

**v.**

**BOARD OF SUPERVISORS OF WASHINGTON TOWNSHIP and Gordon Saul, Appellees.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 6, 1989.

Decided Aug. 1, 1989.

314

Anthony J. Martino, Roseto, Zito, Martino and Karasek, Bangor, for appellants.

Dominic J. Ferraro, Nazareth, for appellee, Washington Tp.

William H. Agnew, Nazareth, for appellee, Bd. of Sup'rs of Washington Tp.

Wesley M. Wasylik, Bartos, Broughal & Wasylik, Bethlehem, for intervenor, Gordon Saul.

Before CRAIG, DOYLE and PALLADINO, JJ.

CRAIG, Judge.

Nolan A. and Diane M. Perin appeal from an order of Judge William F. Moran of the Court of Common Pleas of Northampton County that dismissed their procedural challenge to the enactment of an amendment to the zoning ordinance of Washington Township. This court affirms.

As found by the trial court, the Board of Supervisors of Washington Township convened a public hearing on December 7, 1987, for the purpose of eliciting public comment and opinion regarding a proposed amendment to the Washington Township Zoning Ordinance. The proposal was to rezone thirteen acres of a twenty-acre lot from agricultural to commercial, which would permit the construction of a shopping center.[1] The Perins appeared at the public hearing and presented evidence in opposition to the change, and their counsel cross-examined witnesses in favor of the proposal. On December 9, 1987, the board held its regularly scheduled monthly meeting and adopted the amendment.

The Perins filed a notice of appeal with the common pleas court on January 5, 1988, asserting both substantive and procedural challenges to the amendment. Section 1003 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 11003,[2] permitted questions of an alleged defect in the process of enactment of an ordinance or map to be raised by an appeal taken directly from action of the governing body to the court.[3]

---

1. The remaining seven acres of the tract already were zoned commercial.

2. Now repealed. The entire Article X of the MPC, relating to appeals, was repealed by the Act of December 21, 1988, P.L. 1329, effective in sixty days, which added a new Article X-A, "APPEALS TO COURT", Municipalities Planning Code §§ 1001-A through 1006-A, 53 P.S. §§ 11001-A through 11006-A.

3. The Perins' notice of appeal to the court also raised substantive challenges to the zoning ordinance amendment. As the trial court held, those substantive challenges were improper under section 1003 of the MPC. The Perins did properly raise their substantive challenges in an appeal they filed with the zoning hearing board of the township pursuant to section 1004 of the MPC, 53 P.S. § 11004.

The Perins' notice of appeal contained the following averments:

3. Your Appellants believe and therefore aver that the action of the Board of Supervisors of Washington Township was improper, and violated substantive, procedural, and the common law of the Commonwealth of Pennsylvania in that:

. . . .

(g) Your Appellants submit that the procedure employed by the Board of Supervisors to enact an amendment to the Zoning Ordinance of Washington Township was defective.

. . . .

(k) Your Applicant submits that the Board of Supervisors failed and neglected to cause a record to be made of the Hearings pursuant to the enactment procedure.

On February 10, 1988, counsel for the Perins, the board of supervisors and the intervenor developer appeared before the court during the regularly scheduled motions court. The court granted the Perins' motion requesting an order to the board to file the record of the hearing before them and directed the parties to file letter briefs. The Perins filed a letter brief on February 12, 1988, which, for the first time, alleged with particularity that the board failed to provide proper notice of the December 7 public hearing. The board filed a letter brief objecting to what it characterized as an effort by the Perins in their brief to raise new procedural grounds in an untimely manner. The developer's brief argued that the Perins' notice of appeal concisely set forth grounds for the appeal only in relation to the claim of failure to make a record of the public hearing. On February 19, 1988, the board filed an affidavit of the board's secretary, attesting to proper advertising of the December 7 meeting. The Perins filed a motion to strike that affidavit from the record. Judge Moran dismissed the Perins' procedural challenge to the ordinance and this appeal followed.

The Perins raise four issues: (1) whether they had a right to supplement their original notice of appeal with more

specific allegations; (2) whether the trial court had an independent duty to inquire into the board's compliance with applicable notice requirements; (3) whether the court may permit a party to submit an affidavit not contained in the record transmitted to the court by the governing body; and (4) whether the MPC requires a municipal board to make a stenographic record of a public hearing on a proposed zoning ordinance amendment.

### Supplementation of Notice of Appeal

[1–3] The formal requirements of a notice of appeal were set forth in section 1008(1) of the MPC, 53 P.S. § 11008(1), which provided, in pertinent part:

Zoning appeals shall be entered as of course by the prothonotary or clerk upon the filing of a zoning appeal notice *which concisely sets forth the grounds on which the appellant relies.* (Emphasis added.) [4]

Timeliness was controlled by section 5571(c)(5) of the Judicial Code, 42 Pa.C.S. § 5571(c)(5), which states that questions relating to an alleged defect in the process of enactment of an ordinance should be raised by an appeal commenced within thirty days of the effective date of the ordinance.

The trial court concluded that "Appellants' averment 3(g) does not set forth a specific allegation of error, it is merely a boilerplate allegation." Citing *Hill v. Lower Saucon Township Zoning Hearing Board,* 72 Pa.Commonwealth Ct. 381, 456 A.2d 667 (1983) and *Kreitz v. Zoning Board of Adjustment,* 4 Pa.Commonwealth Ct. 602, 287 A.2d 884 (1972), the judge noted that this court consistently has held that dismissal of a zoning appeal is proper where the notice of appeal fails to specify the grounds for the appeal. He held that the allegation contained in averment 3(g) did not comply with judicial interpretation of the requirements of section 1008(1) of the MPC.

4. The subject matter of the former section 1008 now appears in the new section 1003–A, 53 P.S. § 11003–A, which contains the same language emphasized in the quotation from section 1008.

The Perins contend that the judge expressly granted them permission to supplement their notice of appeal at the February 10 conference, in response to a request by counsel for the developer that they provide more specificity. In his opinion, the judge stated that he did not intend at that conference to grant the Perins permission to raise new issues by way of supplementation. In addition, he concluded that the common pleas court lacked the power to permit untimely supplementation of a notice of appeal.

In our view, the issue of whether the Perins had a right to supplement their original notice of appeal with new allegations relating to notice procedures resolves itself into a question of whether the portion of the notice of appeal that they sought to "supplement"—averment 3(g)—was in compliance with section 1008(1). If it was not, then there was nothing properly available to be supplemented.

The Perins argue that the court's interpretation effectively substitutes the word "precise" for the word "concise" in section 1008(1); however, their argument ignores the meaning of the operative word of that section—the word "grounds". Having found no Pennsylvania case defining that term, we shall look to dictionary definitions. Black's Law Dictionary 633 (5th Ed.1979) includes the following:

**Ground.**  . . . .

A foundation or basis; points relied upon; *e.g.* "ground" for bringing civil action, or charging criminal defendant, or foundation for admissibility of evidence. See also **Ground of Action.**

. . . .

**Ground of action.**  The basis of a suit; the foundation or fundamental state of facts on which an action rests (*e.g.* negligence, breach of contract); the real object of the plaintiff in bringing his suit.

Webster's Third New International Dictionary 1002 (1969) contains this pertinent definition of "ground":

2 a : the foundation or basis on which knowledge, belief, or conviction rests: a premise, reason or collection of data

upon which something (as a legal action or argument) is made to rely for cogency or validity....

These definitions confirm our view that, although "grounds" may include reasoning and conclusions, the indispensable element of an assertion of grounds for a legal action is an allegation of fact or facts that form the basis for the claim. The Perins' averment 3(g) is simply a bald statement of their *belief* that the board's procedures were defective. The averment contains no *allegations of fact* stating the basis for that belief. By contrast, their averment 3(k) provided a factual basis, namely, the allegation that the board failed to make a record. The judge was correct in his conclusion that averment 3(g) did not meet the requirements of section 1008(1) of the MPC. Therefore, the Perins' attempted supplementation of that averment in their letter brief, filed well after thirty days from the effective date of the zoning ordinance amendment, was actually an untimely raising of new factual allegations, and the court properly disregarded it.

### Review of Notice Procedures

[4] The Perins' next contention is that the trial court had an independent duty to examine the adequacy of the notice procedures employed by the board, regardless of whether the notice of appeal properly raised that issue. The only citation that the Perins offer to support this claim is the case of *Northampton Residents Association v. Northampton Township Board of Supervisors*, 14 Pa.Commonwealth Ct. 515, 322 A.2d 787 (1974). That decision held that a residents' association lacked standing to appeal the adoption of an ordinance allowing planned residential developments because the association had not appeared at public hearings for eliciting comment on the proposal. In a footnote, the court observed that an exception to that principle would be required where the challenge was based on alleged failure to hold a hearing or on a claim of inadequate notice. *Id.*, 14 Pa. Commonwealth Ct. at 520 n. 2, 322 A.2d at 790 n. 2.

The obvious intent of the footnote in *Northampton Residents Association* was to indicate that a party could not be penalized for not appearing at a hearing that was not held or that the party did not know about because of inadequate notice. That proposition, however, is by no means tantamount to establishing an ongoing duty of a trial court to investigate the adequacy of the notice procedures in every zoning appeal case, whether properly raised by the parties or not. If that were true, then a party's procedural challenge based on inadequacy of notice could never be untimely because, no matter when filed, it would amount to merely nudging the court to perform the court's duty. As noted above, 42 Pa.C.S. § 5571(c)(5) mandates the commencement of a suit based on a procedural challenge to an ordinance within thirty days of the effective date. Nothing in the MPC or elsewhere supports the Perins' claim that a court has an independent duty to investigate and rule upon the question of adequacy of notice.

### *Stenographic Record of Public Hearing*

[5] Section 609 of the MPC, 53 P.S. § 10609, relating to the enactment of zoning ordinance amendments, provided in part as follows:

> For the preparation of amendments to zoning ordinances, the procedure set forth in this article for the preparation of zoning amendments shall be permissive. *Before voting on the enactment of an amendment, the governing body shall hold a public hearing thereon, pursuant to public notice.* (Emphasis added.)

Although the Perins concede that the MPC contains no provision expressly requiring the stenographic recording of a public hearing for the purpose of receiving comment on a proposed zoning ordinance amendment, they assert that the provisions of section 1010 of the MPC, 53 P.S. § 11010, relating to de novo review by a court, implied that such a record must be made.

The trial court analyzed the Perins' argument concerning recording by analogy to the decision of the Court of Com-

mon Pleas of Montgomery County in *Swinehart v. Borough of Pottstown,* 1 Pa.D. & C.3d 405 (1976), *aff'd,* 27 Pa.Commonwealth Ct. 174, 365 A.2d 909 (1976) (in an order adopting the opinion and order of the trial court).  The *Swinehart* court held that members of the public, at a public hearing on a proposed zoning amendment under section 609, have no right to cross-examine witnesses called to testify for the municipality or to call members of the governing body as witnesses.  The court noted that section 609.1 of the MPC, 53 P.S. § 10609.1, relating to procedure upon curative amendments, specified that the governing body should hold a hearing that "shall be conducted in accordance with subsections (4) to (8) of section 908 [53 P.S. § 10908]...." Those subsections empowered the presiding officer to administer oaths and permitted parties to be represented by counsel and to cross-examine adverse witnesses.  Subsection (7) specifically required the keeping of a stenographic record of the proceedings.  Section 609 of the MPC, by contrast, used the phrase "public hearing" without incorporating procedures from section 908 or any other section.  The court interpreted the difference to reflect a deliberate legislative choice to provide different procedures.

The trial court in this case attributed the difference in procedures to the different natures of the proceedings.  A curative amendment is proposed by a landowner as a remedy for his particular claim of improper restriction on the use of his land, and the hearing on that amendment is quasi-judicial.  However, a public hearing on the enactment of a general zoning amendment is legislative in nature, intended to give members of the public the opportunity to air their views to the governing body on the proposal.  Accordingly, the trial court concluded that the due process attributes of the quasi-judicial curative amendment hearing, including the stenographic recording of testimony, were not applicable to the public hearing at issue in this case.  This perceptive analysis is correct.

The Perins also contend in their brief to this court that the minutes of the December 7, 1987, hearing did not

comply with the requirements of section 6 of the Sunshine Act, Act of July 3, 1986, P.L. 388, 65 P.S. § 276, relating to minutes of meetings, public records and recording of meetings. Examination of the Perins' notice of appeal to the common pleas court, R. 11–16, reveals that the Perins did not raise this issue before that court, but rather based their procedural challenge only on alleged violations of the MPC and the township zoning ordinance. A nonjurisdictional issue or theory not raised before the common pleas court and not considered by that court may not be raised for the first time before the Commonwealth Court. *Sojtori v. Zoning Hearing Board and Moyer,* 6 Pa.Commonwealth Ct. 552, 296 A.2d 532 (1972).

### *Affidavit Relating to Notice Procedures*

■ Finally, the Perins contend that the trial court erred by permitting the board to submit an affidavit, attesting to compliance by the board with applicable posting requirements for the public hearing on the proposed amendment, which was not part of the record transmitted to the court by the board. In his opinion dismissing the Perins' appeal, the trial judge stated that he had not relied on the affidavit in any way in reaching his decision. More importantly, the judge noted that his conclusion that the question of adequacy of notice procedures was not properly before the court rendered the question of the effect of the admission of the affidavit relating to notice procedures moot. Once again, the trial court's reasoning was correct.

Accordingly, Judge Moran's order dismissing the Perins' procedural challenge to the adoption of an amendment to the zoning ordinance of Washington Township will be affirmed.

### ORDER

NOW, August 1, 1989, the order of the Court of Common Pleas of Northampton County at No. 1988–C–108, dated September 26, 1988, is affirmed.