617 A.2d 843

The PITTSBURGH STAKE OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, Appellant

v.

COMMONWEALTH of Pennsylvania, LIQUOR CONTROL BOARD and TAVAP, Inc., t/d/b/a Vincent's Pizza House.

Commonwealth Court of Pennsylvania.

Argued Oct. 19, 1992.

Decided Nov. 18, 1992.

Dwight D. Ferguson, for appellant.

Louis E. Caputo for appellee, TAVAP, Inc. t/d/b/a Vincent's Pizza House.

Franics X. O'Brien, Deputy Chief Counsel, for appellee, Liquor Control Bd.

Before SMITH and PELLEGRINI, JJ., and LORD, Senior Judge.

PELLEGRINI, Judge.

The Pittsburgh Stake of the Church of Jesus Christ of Latter Day Saints (the Church) appeals from an order of the Court of Common Pleas of Allegheny County, dismissing its appeal from an order of the Pennsylvania Liquor Control Board (LCB) approving the application of TAVAP, Inc. (TAVAP) for double transfer of a restaurant liquor license.

On April 16, 1990, TAVAP filed an application with the LCB for the double transfer of liquor license no. T2R–2228 from Vincent J. Abbato to TAVAP, and from premises at 971 Greentree Road, Borough of Greentree, to the proposed licensed premises known as Vincent's Pizza House (Vincent's) at 333 Mansfield Avenue, Borough of Greentree. On April 30, 1990,[1] TAVAP posted the Notice of Application (Notice) on the premises of Vincent's pursuant to 40 Pa.Code §§ 3.13(a) and 3.14(b).[2] Although not required by regulation and not part of its normal practice, the LCB sent a letter to the Church dated May 16, 1990, notifying it that TAVAP had applied for the double transfer of a liquor license to a premises that was within 300 feet of the Church's chapel. The letter stated the Church had a right to file a written protest within 30 days from the date the Notice was posted at Vincent's.

On June 4, 1990, more than 30 days from when the Notice was posted, the Church filed a written protest to the transfer. The protest set forth two reasons why the transfer should not

1. Guy Davis, an enforcement officer and investigator for the LCB, testified that to his knowledge, the application was posted on February 25, 1990, but that he actually observed the posted application on Vincent's premises on April 30, 1990, in a visible location to the passing public.

2. 40 Pa.Code § 3.13(a) provides that an applicant for a retail liquor license, retail malt and brewed beverage license, importing distributor, distributor license or for the transfer or extension of premises of these licenses, whether person to person, place to place, or both, shall post notice.

   40 Pa.Code § 3.14(b) provides in pertinent part that the notice shall be posted at or near the entrance to the premises in a conspicuous place which can be observed readily by the public.

be granted: 1) Vincent's was within 300 feet of the Church's property, and 2) approving the proposed liquor license would be detrimental to the welfare, health, peace and morals of the Church. Then, on June 25, 1990, the Church supplemented its written protest of June 4, 1990, arguing that TAVAP's application should also be denied because the proposed licensed premises were within 300 feet of the entrance or exit of an interstate limited access highway (Interstate 279).

After hearing testimony from both sides, the hearing examiner concluded that the Church's protest would be considered by the LCB, even though it was not timely filed because the Church had shown good cause for filing a late protest. The hearing examiner found that the Church had justifiably relied on the May 16, 1990 date of the letter sent by the LCB and not on the date of the posting of the Notice as the time the 30 day period began.

As to the merits, the hearing examiner also concluded that even though Vincent's was within 300 feet of the Church's property, the granting of TAVAP's application would not adversely affect the health and welfare of the neighborhood within a radius of 500 feet of Vincent's, because that area was 95% commercial and 5% residential. Although the LCB did not direct the hearing examiner to take testimony on the issue of the distance between Vincent's and Interstate 279,[3] the hearing examiner permitted the parties to present evidence on

---

**3.** At the start of the hearing, the hearing examiner stated:
   The Board has directed that a hearing be held concerning the application for transfer of Restaurant Liquor License R–2228 for the purpose of taking legally admissible testimony on the following specific objections:
   1, the proposed licensed premises are located within three hundred feet of the Church of Jesus Christ of Latter Day Saints;
   2, the Board may take evidence that the approval of this application will not adversely affect the health, welfare, peace and morals of the neighborhood within a radius of five hundred feet of the proposed licensed establishment;
   and 3, protests in opposition to this application have been filed by the Church of Jesus Christ of Latter Day Saints and residents within five hundred feet. And a petition signed by several nearby residents has also been submitted.
(Notes of Testimony at 19a–20a.)

that issue, and, based on that evidence, found that the distance between those two points was 470 feet.[4]

The hearing examiner submitted his proposed findings of fact and conclusions of law to the LCB. The LCB approved the double transfer of the restaurant liquor license based on the hearing examiner's findings that the approval of the application would not adversely affect the health, welfare, peace and morals of the neighborhood within a radius of 500 feet, even though Vincent's was within 300 feet of the Church.[5] The LCB did not address the issue of the distance between Vincent's and Interstate 279.

The Church filed an appeal with the trial court from the LCB's order approving TAVAP's application. It alleged that the LCB abused its discretion in approving the application because the Church is within 300 feet of the proposed licensed premises. The Church further alleged that Vincent's was within 300 feet of the entrance or exit of Interstate 279, and the LCB disregarded the fact that the inspector improperly measured the distance from Vincent's to Interstate 279 because he did not measure from Vincent's to the entrance ramp of Interstate 279, but rather from Vincent's to the actual highway.[6] TAVAP, as an intervenor, moved to quash the appeal as untimely because it was not filed within 30 days of the April 30, 1990, posting of the Notice.

4.   In making that determination, the hearing examiner relied on Guy Davis' testimony that he measured the distance between Vincent's and Interstate 279 to be 470 feet by using a wheel that measures distances in feet and by measuring in a direct line from Vincent's to the actual highway (Interstate 279). (Notes of Testimony at 23a, 39a, 41a.)

5.   The LCB's scope of review of the hearing examiner's findings of fact and conclusions of law is based on substantial evidence. *See* Section 471 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. § 4–471(b).

6.   Section 475(a) of the Liquor Code, 47 P.S. § 4–475(a), provides that no liquor license shall be granted to an establishment which is located within three hundred feet of the *entrance or exit of an interstate limited access highway.* (Emphasis added.) The Church argued that this meant the measurement was to be made from the proposed premises to the beginning of the entrance or exit ramp to the highway, not from the proposed premises to the actual entrance to the highway.

After holding a *de novo* hearing, the trial court dismissed the Church's appeal.[7] The trial court determined that the Church had shown good cause for filing its protest after the 30 day period, because the LCB's notification to the Church of TAVAP's application implicitly extended the time for filing a protest an additional 30 days. However, while the trial court agreed with the Church that the LCB had used an improper method for measuring the distance between Vincent's and the entrance or exit to Interstate 279, the LCB had not directed the hearing examiner to hear testimony on that issue, and that issue was waived. The trial court further determined that the LCB did not abuse its discretion by granting the application, because the evidence presented indicated that the surrounding neighborhood within a radius of 500 feet would not be adversely affected.

The Church then filed this appeal, arguing only that the trial court erred in determining that the issue regarding the distance between Vincent's and Interstate 279 was waived because a supplemental protest may be filed late for good cause shown pursuant to 40 Pa.Code § 17.13(b). The Church further argues that because the distance between those two points was impermissibly within 300 feet for purposes of approving the double transfer of a restaurant liquor license, the trial court should have reversed the LCB's decision approving the application, and a remand is unnecessary.[8]

While the Church is asking this court to address the waiver issue based on good cause, what determines if the Church waived its right to raise the issue of the distance between Vincent's and Interstate 279 is whether it was even permitted to supplement its original protest when that issue was not

7. The trial court's scope of review of a decision by the LCB is limited to determining whether the LCB's findings are supported by substantial evidence, whether an error of law was committed, or whether the LCB abused its discretion. *Appeal of Iggy, Inc.,* 140 Pa.Commonwealth Ct. 168, 592 A.2d 122 (1991).

8. Our scope of review is limited to determining whether the trial court committed an error of law, abused its discretion or made findings unsupported by substantial evidence. *Centrum Prime Meats, Inc. v. Pennsylvania Liquor Control Board,* 71 Pa.Commonwealth Ct. 560, 455 A.2d 742 (1983).

raised in its original protest letter dated June 4, 1990. Although we have not addressed this particular issue relative to an LCB case, we have addressed a similar problem in the zoning case of *Perin v. Board of Supervisors of Washington Township*, 128 Pa.Commonwealth Ct. 313, 563 A.2d 576 (1989).

In *Perin*, the Perins filed a Notice of Appeal with the Court of Common Pleas of Northampton County within the requisite 30 days from a decision of the Board of Supervisors of Washington Township (Board). In the Notice, the Perins simply alleged that the procedure employed by the Board to enact an amendment to the zoning ordinance was defective. The Perins subsequently filed a letter brief more than 30 days after the original appeal was filed, alleging for the first time that the Board failed to provide proper notice of the original hearing.

On appeal to this court, we noted that pursuant to Section 1008(1) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 11008(1), zoning appeals must concisely set forth the grounds on which the appellant relies. We held that after the 30 day filing deadline, supplementary reasons are not permitted, stating, "The averment contains no allegations of fact stating the basis for that belief.... Therefore, the Perins' attempted supplementation of that averment in their letter brief, filed well after thirty days from the effective date of the zoning ordinance amendment, was actually an untimely raising of new factual allegations, and the court properly disregarded it." *Perin*, 128 Pa.Commonwealth Ct. at 313, 563 A.2d at 579.

Similarly, in this case, 40 Pa.Code § 17.13(a)(3) requires that the protest contain a concise statement of the objections, including the legal basis for consideration as a valid protest, if applicable. Because the Church's initial protest did not contain an objection that Vincent's was within 300 feet of Interstate 279, the raising of that issue in its supplemental protest, which was filed well after the 30 day deadline for filing the protest, was untimely. Consequently, the trial court properly determined that the issue regarding the distance between Vincent's and Interstate 279 was, in fact, waived.

Because the issue of the distance between Vincent's and Interstate 279 was untimely raised, and because the Church did not raise any other issue before this court regarding the approval of TAVAP's application, the decision of the trial court dismissing the Church's appeal is affirmed.

## ORDER

AND NOW, this 18th day of November, 1992, the order of the Court of Common Pleas of Allegheny County, dated January 9, 1992, is affirmed.