## GREAT VALLEY SCHOOL DISTRICT

v.

## ZONING HEARING BOARD OF EAST WHITELAND TOWNSHIP.

**Appeal of: Walter Reimann.**

Commonwealth Court of Pennsylvania.

Argued Nov. 2, 2004.

Decided Dec. 6, 2004.

Michael P. Malloy, Jr., Blue Bell, for appellant.

Scot R. Withers, West Chester, for appellees.

BEFORE: LEADBETTER, Judge, LEAVITT, Judge, KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Walter Reimann (Neighbor) appeals from an order of the Court of Common Pleas of Chester County (trial court) that reversed the decision of the Zoning Hearing Board of East Whiteland Township (Board) and granted Great Valley School District (School District) a variance to permit installation of eightyfive foot lighting structures for its high school football stadium.

In 1999, the School District filed an application for a variance from the thirty five foot height limitation for non-residential structures located in the R–1 Zoning District set forth in Section 501.B of the East Whiteland Township Zoning Ordinance (Ordinance) in order to construct four light standards, each proposed to be eighty-five feet in height to illuminate the School District's football field. After several hearings, the Board on August 29, 2000, orally denied the School District's request for a variance.

On September 22, 2000, the School District appealed the Board's oral decision to the trial court and Neighbor intervened. On September 27, 2000, the Board issued a written decision denying the School District's application for a variance first on the basis that the School District did not present the type of unique hardship required for a variance. The Board determined that the School District was seeking

a dimensional variance rather than a use variance. However, the Board also determined that, even under the more relaxed "unnecessary hardship" standard articulated in *Hertzberg v. Zoning Board of Adjustment of City of Pittsburgh,* 554 Pa. 249, 721 A.2d 43 (1998), the School District did not prove the existence of any hardship so as to justify granting the variance.

Second, the Board determined that the variance, if granted, would adversely impact on the adjacent properties. The Board found that the increase in noise created by night events would interfere with neighboring property owners' right to quiet enjoyment of their properties.

During the pendency of its appeal to the trial court from the denial of its variance request, the School District filed an application: (1) for a special exception to expand its facilities by installing permanent lighting at its football stadium consisting of eight light poles; and (2) for a special exception pursuant to Section 501.B of the Ordinance to increase the height of the proposed light poles from thirty-five feet (permitted by right) to a height of forty five feet (permitted by special exception). After several hearings, the Board on January 28, 2002, orally denied the School District's application for the special exceptions. On January 31, 2002, the Board issued a letter through its counsel advising the parties of its January 28, 2002 oral decision.

On February 28, 2002, the School District appealed the Board's oral decision to the trial court and Neighbor intervened. On March 13, 2002, the Board issued a written decision denying the School District's application for the special exceptions on the basis that the proposed lighting would substantially injure the use of the neighboring properties and detract from

the quiet and peaceful enjoyment of the same properties.

By order entered June 12, 2003, the trial court granted the School District's motion to consolidate its two separate appeals from the Board's decisions. On June 17, 2003, the trial court denied Neighbor's motion to quash the School District's appeals as untimely and lacking specificity. On June 25, 2003, Neighbor filed a motion for reconsideration. By opinion and order dated July 31, 2003, the trial court denied Neighbor's motion for reconsideration and reversed the Board's denial of the School District's application for a variance.

The trial court determined that the Board erred in applying the hardship standard appropriate for a use variance rather than the more relaxed standard for a dimensional variance. The trial court determined that the School District established (i) there are unique physical conditions of the property; and (ii) due to these unique conditions, a variance is necessary to enable reasonable use of the property. Despite this statement, the trial court did not identify the unique physical conditions of the property.

The trial court also determined that the neighbors' concerns about the potential harm to the community were speculative. The trial court noted it is undisputed that, if it denied the request for a variance, the School District could continue to use temporary thirty-five foot light poles for night events. The trial court concluded such a result was not favorable for either party. Thus, the trial court reversed the Board and granted the variance to permit installation of eighty-five foot stadium light poles. As such, the trial court did not discuss the School District's appeal from the Board's denial of its application for the special exceptions. This ap-

peal by Neighbor followed.[1]

Before addressing the issues raised by Neighbor in this appeal, we must first address whether Neighbor has waived the issues on appeal by his failure to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa. R.A.P.1925 as ordered by the trial court. In an October 17, 2003 opinion filed pursuant to Pa. R.A.P.1925, the trial court states that Neighbor's objections to the trial court's July 31, 2003 opinion and order are waived for failure to file a Concise Statement of Matters Complained of on Appeal.

■ Rule 1925 provides, in pertinent parts, as follows:

(a) General rule. Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, ...

(b) Direction to file statement of matters complained of. The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

Pa. R.A.P.1925. In *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), our

Supreme Court made it clear that if an appellant fails to file a timely 1925(b) statement as ordered by the trial court, all issues will be waived for purposes of appellate review. The reasoning behind the strict waiver rule is that the absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. *Lord.* Our Supreme Court in *Commonwealth v. Hess*, 570 Pa. 610, 810 A.2d 1249 (2002), reiterated that Rule 1925 is intended to aid trial judges in focusing on the issues that a party plans to raise on appeal; therefore, a 1925(b) statement is a crucial component of the appellate process.

■ In the present case, because none of the parties addressed the issue of Neighbor's failure to comply with the trial court's September 8, 2003 order in their briefs to this Court with respect to this appeal, we ordered the parties at oral argument to file supplemental briefs. Upon review of those supplemental briefs, the exhibits thereto, and the trial court's docket entries, we conclude that Neighbor's failure to file a Concise Statement of Matters Complained of on Appeal has not resulted in a waiver.

The trial court's docket entries show that during the proceedings before the trial court, Neighbor was represented by Attorney John E. Good. However, after the trial court entered its July 31, 2003 opinion and order, a notice of appeal to this Court was filed with the trial court on

---

1. In an appeal from the grant or denial of a zoning variance where, as here, the trial court has not taken any additional evidence, this Court's scope of review is limited to a determination of whether the zoning hearing board committed an error of law or abused its discretion. *Hill District Project Area Committee, Inc. v. Zoning Board of Adjustment of the City of Pittsburgh*, 162 Pa.Cmwlth. 323, 638 A.2d 278, *petition for allowance of appeal denied*,

538 Pa. 629, 646 A.2d 1182 (1994). An abuse of discretion will only be found where the zoning board's findings are not supported by substantial evidence. *Id.* Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Teazers, Inc. v. Zoning Board of Adjustment of the City of Philadelphia*, 682 A.2d 856 (Pa.Cmwlth.1996).

behalf of Neighbor by Attorney Marc D. Jonas.[2] Attorney Jonas was not involved in any of the proceedings before the trial court. Thereafter, on September 8, 2003, an order was entered on the docket wherein the trial court, pursuant to Pa. R.A.P. 1925(b), specifically ordered Attorney Jonas, as attorney for Neighbor, to submit to the trial court a Concise Statement of Matters Complained of on Appeal within fourteen days of the entry of the order. The docket entries indicate further that a copy of this order was sent to Attorney Good as well as all counsel of record. There is no indication in the docket entries or the record that a copy of this order was sent to Attorney Jonas.

■ Attached to the supplemental brief filed by Attorney Jonas on behalf of Neighbor addressing the Pa. R.A.P.1925 issue, are affidavits from Attorney Jonas and Attorney Good attesting that neither one of them ever received a copy of the trial court's September 8, 2003 order specifically directing Attorney Jonas to file a Concise Statement of Matters Complained of on Appeal. While we admonish Attorney Jonas and Attorney Good for not filing the appropriate notices with the trial court regarding the change in representation by counsel of Neighbor, we give great weight to the word of both attorneys as officers of the Court that neither one of them was served with a copy of the trial court's

September 8, 2003 order.[3] As pointed out by the Third Circuit:

> An attorney's obligation to the court is one that is unique and must be discharged with candor and with great care. The court and all parties before the court rely upon representations made by counsel. We believe without qualification that an attorney's word is his bond.

*LaSalle National Bank v. First Connecticut Holding Group, L.L.C. XXIII*, 287 F.3d 279, 293 (3d Cir.2002) (quoting *Baker Industries, Inc. v. Cerberus, Ltd.*, 764 F.2d 204, 212 (3d Cir.1985)).

This Court also strongly believes that, as an officer of the Court, an attorney's word is his or her bond. As such, we accept Attorney Jonas's and Attorney Good's word that they were not aware of the trial court's order; therefore, there is no waiver in this case. Our conclusion is not without support.

In *Hess*, our Supreme Court concluded, based in part on compelling affidavits from the appellant's attorney and the district attorney prosecuting the case, that an appellant could not be penalized for failing to file a timely 1925(b) statement when he was not served with notice of the trial court's order directing him to file a 1925(b) statement within fourteen days. *Hess*, 570 Pa. at 619, 810 A.2d at 1255. *See also Commonwealth v. Gonzalez*, 840 A.2d 326, 328 (Pa.Super.2003)[4] ("Under applicable

---

2. We note that the docket entries do not indicate that Attorney Good ever filed a praecipe to withdraw as counsel for Neighbor or that Attorney Jonas filed an appearance.

3. We point out that if it later comes to light that the attorneys in this matter did in fact receive the foregoing order, each would be subject to the appropriate disciplinary proceeding. We note further however that while counsel for the School District states that it raised the issue of waiver in a memorandum of law filed with this Court on December 29,

2003, counsel does not indicate one way or the other in his supplemental brief if he was served with or was otherwise aware of the trial court's September 8, 2003 order prior to the trial court's filing of its October 17, 2003 opinion wherein the trial court concluded that all issues had been waived due to Neighbor's failure to file a Concise Statement of Matters Complained of on Appeal.

4. *Appeal denied*, 578 Pa. 694, 851 A.2d 141 (2004).

case law, if neither Appellant nor his counsel were served with the order directing Appellant to file a 1925 statement, then Appellant cannot be deemed to have been 'ordered' to file such a statement and the failure to do so cannot then be a basis for finding waiver of the issues on appeal."). Moreover, the trial court in this matter stated in its October 17, 2003 opinion filed pursuant to Pa. R.A.P.1925(a), that the reasoning underlying its decision regarding the merits of this case is set forth in its July 31, 2003 opinion which thoroughly discusses the issues raised in this appeal by Neighbor. Accordingly, the presence of the trial court's July 31, 2003 opinion results in this Court being able to conduct meaningful and effective appellate review.

We now turn to the issues raised on appeal by Neighbor in this matter which are:

1. Whether the trial court erred in failing to dismiss the School District's appeal for lack of jurisdiction because the School District appealed the oral denial of the variance prior to the entry of the Board's written decision;

2. Whether the trial court erred in failing to dismiss the School District's notices of appeal for lack of specificity because the notices contain no factual allegations stating the "grounds" for appeal; and

3. Whether the trial court erred in reversing the Board's decision and granting a variance where the School District did not present any evidence of unnecessary hardship.

Neighbor first contends the School District's appeal of the Board's verbal decision denying its variance request to the trial

court was premature, and, therefore, should have been quashed. He asserts the trial court lacked jurisdiction because the School District filed its appeal five days prior to the entry of the Board's written decision. He points out the School District never filed a subsequent appeal within the statutorily mandated 30–day appeal period. *See* Section 1002–A of the Pennsylvania Municipalities Planning Code[5] (MPC) (all appeals to trial courts from land use decisions shall be filed within 30 days after the "entry" of the Board's decision).

We note that after Neighbor filed his appeal from the trial court's order, he filed with this Court a Motion to Vacate Order Dated July 31, 2003, for Lack of Jurisdiction.[6] In the motion to vacate, Neighbor raised the same allegations as above. He asserted therein that the trial court had no jurisdiction to consider the School District's appeal from the Board's decision because the School District did not file its appeal within thirty days after entry of the Board's written decision. Upon review of the motion, this Court, by order of January 13, 2004, denied Neighbor's motion to vacate the trial court's order for lack of jurisdiction.

■■ Pursuant to Pa. R.A.P. 123(e), a single judge of this Court may grant or deny any request for relief which under the rules may properly be sought by application. The action of a single judge may be reviewed by the full court. Pa. R.A.P. 123(e). A party may seek review of the decision of a single judge by requesting reconsideration by the full court pursuant to Pa. R.A.P. 2541–2547 instead of later when the full court considers the merits of

5. Act of July 31, 1968, P.L. 805, *as amended, added by* the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11002–A.

6. Neighbor also filed a brief in support of his motion. In opposition thereto, the School District filed an Answer and New Matter to Neighbor's motion to vacate. Neighbor in turn filed a Reply to Answer and New Matter.

the appeal thereby avoiding the "law of the case doctrine." *Larocca v. Workmen's Compensation Appeal Board (the Pittsburgh Press)*, 140 Pa.Cmwlth.192, 592 A.2d 757, *petition for allowance of appeal denied*, 529 Pa. 659, 604 A.2d 251 (1991). "This doctrine has traditionally been used where a court has ruled on a question, that same court will normally not reverse that determination upon consideration of another phase of the case." *Smiths Implements, Inc. v. Workmen's Compensation Appeal Board (Leonard)*, 673 A.2d 1039,-1042 (Pa.Cmwlth.1996) (citing *Hughes v. Pennsylvania State Police*, 152 Pa. Cmwlth. 409, 619 A.2d 390, 392 n. 1 (1992), *petition for allowance of appeal denied*, 536 Pa. 633, 637 A.2d 293 (1993)). When no petition for reconsideration from an order of a single judge is filed, that order is binding unless palpably erroneous.[7] *Curley v. Board of School Directors of the Greater Johnstown School District*, 163 Pa.Cmwlth. 648, 641 A.2d 719 (1994).

■ Herein, Neighbor did not file a petition for reconsideration of the order entered January 13, 2004 denying his motion to vacate. In fact, neither Neighbor nor the School District even mention in their briefs filed with this Court that a motion to vacate was filed and subsequently denied by a single judge of this Court. Accordingly, this Court's order of January 13, 2004 is binding. As such, we decline to revisit the first issue raised by Neighbor in this appeal.

Next, Neighbor argues that the trial court erred in denying its motion to dismiss the notices of appeal from the Board's denial of both the variance and the special exceptions for lack of specificity. Citing Section 1003–A(a) of the MPC,[8] Neighbor notes, in a notice of appeal from a zoning board decision, an appellant must concisely set forth the grounds upon which it relies. Neighbor points out that this Court has held that the term "grounds" as used in Section 1003–A(a) are "allegations of fact stating a basis for belief."[9] *Perin v. Board of Supervisors of Washington Township*, 128 Pa.Cmwlth. 313, 563 A.2d 576, 579 (1989). He argues that neither of the School District's notices offered allegations of fact stating a basis for belief. Neighbor asserts, therefore, that we must vacate the trial court's decision and order it to quash both appeals.

Section 1003–A(a) of the MPC states:

Land use appeals shall be entered as of course by the prothonotary or clerk upon the filing of a land use appeal notice *which concisely sets forth the grounds on which the appellant relies.* . . .

53 P.S. § 11003–A(a) (emphasis added). In *Perin*, we determined that "although 'grounds' may include reasoning and conclusions, the indispensable element of an assertion of grounds for a legal action is an allegation of fact or facts that form the basis of the claim." *Perin*, 563 A.2d at 579. Thus, in *Perin*, we determined the following statement was not a "ground" for appeal within the meaning of Section 1003–A(a) of the MPC:

Your Appellants submit that the procedure employed by the Board of Supervi-

---

7. The exception to this rule is that we will reconsider a decision from a single judge if the decision concerns subject mater jurisdiction. *Hughes*. However, the subject matter jurisdiction of this Court is not an issue here.

8. *Added by* the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11003–A.

9. We note that this Court was actually interpreting the term "grounds" as it was used in former Section 1008(1) of the MPC, 53 P.S. § 11008(1). The subject matter of the former section 1008 now appears in Section 1003–A.

sors to enact an amendment to the Zoning Ordinance of Washington Township was defective.

*Id.* We agreed with the trial court that this "boilerplate allegation" was insufficiently specific to state a ground for appeal.

However, in *Summit Township Board of Supervisors v. Summit Township Zoning Hearing Board,* 132 Pa.Cmwlth. 8, 571 A.2d 560 (1990), this Court reversed the trial court's dismissal of an appeal for failure to concisely set forth the grounds upon which the appellant relied for its appeal.[10] Therein, the appellant's notice of appeal incorporated by reference the zoning board's findings and conclusions and asserted that the same were not supported by record evidence and were erroneous as a matter of law. *Summit Township,* 571 A.2d at 561. The trial court determined that the notice of appeal was insufficient and dismissed the appeal. *Id.* However, this Court determined that the appellant's notice of appeal specified the appellant's legal basis or grounds for its appeal and held that no dismissal was warranted. *Id.* at 562.

██ Herein, in its notice of appeal following denial of the variance request, the School District stated:

> This appeal is based upon the Board's failure to grant the requested variance, and the Board's failure to properly apply *Hertzberg v. City of Pittsburgh,* 554 Pa. 249, 721 A.2d 43 (1998) and other authorities cited by Appellant.

Reproduced Record (R.R.) at 11a. The substantive issue before the trial court was whether the Board erred in applying the *Hertzberg* analysis. Therefore, we conclude that the School District's notice of appeal with respect to the variance request set forth a sufficient legal basis or grounds to alert the trial court to the issue raised.

In its notice of appeal following denial of the special exception, the School District stated:

> This appeal is based upon the failure of the [Board] to grant the requested special exception in accordance with the standards set forth in the [Ordinance], as well as applicable Pennsylvania law.

R.R. at 15a. Again, we conclude that the foregoing notice of appeal set forth a sufficient legal basis or grounds to alert the trial court to the issues raised.

Accordingly, we reject Neighbor's contention that the School District's appeals to the trial court from the Board's decision denying the variance and the special exceptions should have been quashed based on lack of specificity.

Finally, Neighbor asserts that the trial court erred in granting the variance. He argues that the trial court's application of *Hertzberg* was erroneous for two reasons. First, he contends that the variance sought by the School District was actually a "use" and not a "dimensional" variance; thus the School District's application was undeserving of relaxed scrutiny. Specifically, he points out that a dimensional variance deals with dimensional restrictions on land such as "setbacks, lot width, building area, and impervious surface limitations." Neighbor asserts the lighting of the field relates more to nighttime *use* of the field than any restrictions on the dimensional requirements of the property.

Second, he argues that, even if the School District is seeking a dimensional variance, it failed to offer *any* evidence of unnecessary hardship. He points out that the School District is currently using the football field for its permitted purpose and, therefore, no physical features of the property prohibit its use as an athletic field.

10. Again, this case involved former Section 1008(1) of the MPC.

Neighbor asserts that, following this Court's prior decisions to deny alleged dimensional variances, simply because the applicant "wants to" expand upon an already viable use, does not mean the applicant demonstrated unnecessary hardship entitling it to an expanded use. Neighbor further contends that the trial court cited no evidence in support of its conclusions that there are unique physical circumstances of the property and that these circumstances necessitate a variance.

Whether an applicant is seeking a dimensional or use variance, it must show unnecessary hardship will result if a variance is denied and the proposed use will not be contrary to the public interest. *Zappala Group, Inc. v. Zoning Hearing Board of the Town of McCandless*, 810 A.2d 708, 710–11 (Pa.Cmwlth.2002), *petition for allowance of appeal denied*, 573 Pa. 718, 828 A.2d 351 (2003). It is only the stringency of the standard in proving unnecessary hardship that varies, depending on whether a use or dimensional variance is sought. *Id.* Under *Hertzberg*, courts may consider multiple factors in determining whether an applicant established unnecessary hardship for a dimensional variance, including (i) the cost of strict compliance with the ordinance; (ii) the economic hardship that will result from denial of a variance; and (iii) characteristics of the surrounding neighborhood. *Id.*

In *Yeager v. Zoning Hearing Board of the City of Allentown*, 779 A.2d 595, 598 (Pa.Cmwlth.2001), we reviewed the standards enunciated in *Hertzberg* and found:

Ever since our Supreme Court decided *Hertzberg*, we have seen a pattern of cases arguing that a variance must be granted from a dimensional requirement that prevents or financially burdens a property owner's ability to employ his property exactly as he wishes, so long

as the use itself is permitted. *Hertzberg* stands for nothing of the kind. *Hertzberg* articulated the principle that unreasonable economic burden may be considered in determining the presence of unnecessary hardship. It may also have somewhat relaxed the degree of hardship that will justify a dimensional variance. However, it did not alter the principle that a substantial burden must attend all dimensionally compliant uses of the property, not just the particular use the owner chooses. . . .

Herein, the School District did not establish it would suffer any unnecessary hardship, even under the more relaxed *Hertzberg* standard. Concluding the School District failed to establish the requisite hardship, the Board stated:

In denying a similar variance request (for four 90–foot high light poles in Appeal 92–01), this Board concluded that "there are no unique physical circumstances applicable to the subject property . . . [and] the property is used and continues to be used as a functioning public high school." The conclusion then reached by the Board is still true today: "The variance requested is not necessary to enable reasonable use of the property."

Bd. Op. at 13–14. Further, it is undisputed that the School District could continue to use thirty-five foot lighting, thereby complying with the Ordinance height restriction. As a result, requiring the property to be used in accordance with current zoning creates no undue hardship.

Accordingly, we reverse the trial court's order granting to the School District a variance to permit installation of eighty-five foot lighting structures for its high school football stadium. Further, since the trial court did not address the School District's appeal from the Board's

decision denying the School District's application for special exceptions, we remand this matter to the trial court for a determination of the School District's appeal.[11]

## ORDER

AND NOW, this 6th day of December, 2004, the order of the Court of Common Pleas of Chester County in the above captioned matter that reversed the decision of the Zoning Hearing Board of East Whiteland Township and granted Great Valley School District a variance to permit installation of eighty-five foot lighting structures for its high school football stadium is reversed. This matter is remanded to the trial court for a determination of the Great Valley School District's appeal from the Zoning Hearing Board of East Whiteland Township's decision denying the Great Valley School District's application for special exceptions.

It is further ordered that, upon consideration of the Great Valley School District's Application to Strike Portions of the Supplemental Reargument Brief of Appellant and the answer thereto, the application is denied.

---

11. We note that this matter was originally argued before this Court on June 2, 2004, and an opinion and order was filed on July 29, 2004, which only addressed the issues raised with respect to the trial court's granting of a variance to the School District. However, upon the School District's motion for reconsideration wherein the School District requested a remand to the trial court to address the School District's appeal from the Board's denial of the School District's application for special exceptions, this Court withdrew the July 29, 2004 opinion and order and directed that this matter be scheduled for argument limited to the issue of whether the issues regarding the denial of the application for special exceptions were waived where the School District, as an unaggrieved party failed to file a cross appeal or request a remand to the trial court in its brief to this Court, or whether a remand to the trial court for consideration of the denial was proper. The parties argued the foregoing issue before this Court on November 2, 2004. Upon consideration of the parties' arguments and their respective briefs in support thereof, this Court holds that a remand to the trial court is proper for consideration of the School District's appeal from the Board's denial of the School District's application for special exceptions. The Board's denial of the School District's application for special exceptions was properly before the trial court for consideration and the trial court should have disposed of the same in the interest of judicial economy. Moreover, both parties mentioned, in their briefs filed with this Court on the merits, the issue of remand to the trial court to address the denial of the application for special exceptions. Neighbor noted that a remand was necessary and the School District noted that a remand was only necessary if this Court reversed the trial court's order granting the variance.