# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Williams, :
                Petitioner :
                  :
            v. : No. 1279 C.D. 2024
                  :
Pennsylvania Parole Board, :
                Respondent : Submitted: November 6, 2025

BEFORE:   HONORABLE LORI A. DUMAS, Judge
               HONORABLE MATTHEW S. WOLF, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION NOT REPORTED**

MEMORANDUM OPINION BY
JUDGE WOLF                         FILED: February 13, 2026

Kevin Williams petitions this Court for review of the Pennsylvania Parole Board's (Board) denial of administrative relief from its previous decision to recommit Williams to serve 42 months of backtime as a convicted parole violator (CPV) with a recomputed maximum date of October 5, 2030. Also before this Court is an application (Withdrawal Application) submitted by his counsel, Dana Greenspan, Esquire, (Counsel) to withdraw from representation on the ground that Williams' Amended Petition for Review (Amended Petition) is meritless. Because Williams fails to identify any legal error in the Board's decision, we grant Counsel leave to withdraw and affirm that decision.

On September 4, 2015, Williams pled guilty to several criminal offenses and was sentenced in the Court of Common Pleas of Philadelphia County (trial court) to state confinement with a minimum release date of April 7, 2017, and a maximum

release date of April 7, 2024. Certified Record (C.R.) at 1-4. Williams was granted parole on January 4, 2017, and released to a community integration residence on April 17, 2017. *Id.* at 5. The terms of Williams' parole, which he signed and acknowledged, explained as follows: "If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences you were serving while [paroled], with no credit for time at liberty on parole." *Id.* at 10. The Board issued a Release from Conditions of Probation/Parole on May 22, 2017, granting Williams permission to move into an approved residence. *Id.* at 13. Because of technical parole violations, Williams was detained on July 5, 2018, and held in custody until October 29, 2018, when the Board dismissed the violations and permitted him to continue his parole. *Id.* at 14-17.

On January 28, 2020, Williams was detained on a warrant issued by the Department of Corrections; three days later, he was transferred to Philadelphia custody in order to face new criminal charges in the trial court. *Id.* at 20-21. Williams remained in local custody until September 22, 2020, when he was transferred to federal custody and indicted on federal charges. *Id.* at 103. On January 30, 2023, Williams was convicted of the federal charges and returned to local custody in order to face state charges, which included aggravated assault. *Id.* at 139. The trial court convicted Williams of the state charges on October 18, 2023, and he was transferred to a state correctional institution on November 29, 2023. *Id.* at 23. The Board then issued a notice of charges and a hearing to revoke Williams' parole. *Id.* At the February 2, 2024 revocation hearing, where he was represented by Counsel, Williams acknowledged the convictions and his responsibility for the misconduct. *Id.* at 71.

In a decision mailed on April 4, 2024, the Board determined Williams to be a CPV, effective February 11, 2024, and directed him to serve a recommitment period of 42 months. *Id.* at 78. The Board further found that Williams was not entitled to credit for time spent at liberty because he had been convicted of crimes of violence as defined in 28 Pa.C.S. § 9714(g). C.R. at 74. Consequently, the Board determined Williams' recalculated parole violation maximum date to be October 5, 2030. *Id.* at 118.

Williams filed a timely administrative appeal of the Board's decision, which it denied in an answer mailed on September 9, 2024. *Id.* at 137. The Board explained therein that, when Williams was paroled on April 17, 2017, 2,547 days remained on his original sentence; since Williams was denied credit for time spent at liberty, he still owed all 2,547 days at the time of his recommitment. *Id.* at 139. Because the technical violations for which Williams was detained in October 2018 were ultimately dismissed, he was entitled to 117 days of backtime credit; to that period, the Board added 2 more days' credit for January 29 and January 30, 2020, when he was detained prior to facing charges in the trial court. *Id.* at 139-40. In total, Williams therefore owed 2,428 days at the time of his sentencing in the trial court. *Id.* at 140. The Board explained that the addition of 2,428 days to February 11, 2024, when he was officially deemed a CPV, yielded a recalculated maximum date of October 5, 2030. *Id.* Finally, the Board noted that any credit not applied toward Williams' original sentence may be communicated to federal authorities so that it could be calculated and applied toward his federal sentence, once he began serving it. *Id.*

Without the assistance of counsel, Williams challenged the Board's decision with a Petition for Review that this Court received on September 27, 2024. With

Counsel's representation, the Amended Petition followed on November 7, 2024. Counsel submitted her Withdrawal Application on December 26, 2024, for which she provides her reasoning in an accompanying letter in compliance with *Commonwealth v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988) (*Turner* Letter).[1]

Before addressing the merits of Williams' arguments, we shall evaluate the Withdrawal Application. A parolee has a constitutional right to counsel only if the parolee claims either (1) he did not commit the alleged violation of parole or (2) he committed the violation but there are substantial mitigating factors that are "complex or otherwise difficult to develop or present." *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009) (en banc) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). Instantly, Williams admits his responsibility for the crimes for which he was convicted, and the record suggests no reason to justify or mitigate the parole violation. Williams thus has only a statutory right to counsel, which is granted by Section 6(a)(10) of the Public Defender Act.[2]

To satisfy the *Turner* procedural requirements for withdrawal, counsel must send to the petitioner: "(1) a copy of the 'no-merit' letter . . . ; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (quoting *Commonwealth v. Wrecks,* 931 A.2d 717, 721 (Pa. Super. 2007)). An attorney's no-merit letter must also include the following substantive information: (1) the nature and extent of counsel's review of the case; (2) the issues

---

[1] In *Turner*, our Supreme Court held that in matters that are collateral to an underlying criminal proceeding, such as parole matters, counsel seeking to withdraw from representation may file a "no-merit" letter that includes information describing the extent and nature of counsel's review, listing the issues the client wants to raise, and informing the Court why counsel believes the issues have no merit. 544 A.2d at 928-29.

[2] Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10).

4

the parolee wants to raise; and (3) the analysis counsel used in concluding that the issues are meritless. *Id*. at 961 (Pa. Cmwlth. 2009). Instantly, Counsel affirms that she has served Williams with the Withdrawal Application and *Turner* Letter and advised him, via telephone call on December 13, 2024, of his right to proceed *pro se* or with new counsel.[3] Appl. to Withdraw ¶ 11. We therefore conclude that Counsel has complied with *Turner*'s procedural requirements as set forth in *Zerby*.

Next, we note that the *Turner* Letter contains an adequate summary of Williams' parole and conviction history, identifies the issues he wishes to raise on appeal, and explains why Counsel believes each of those issues is without merit. We therefore conclude that the *Turner* Letter meets *Zerby's* substantive requirements, and proceed to determine whether Counsel has correctly determined Williams' appeal issues to be without merit.

In his Amended Petition, Williams makes three main arguments for this Court's consideration. First, Williams argues that the Board usurped the judiciary's "exclusive sentencing authority" when it recalculated his maximum release date. Am. Pet. ¶ 10. Since the trial court set his initial maximum date, Williams reasons that the Board lacked discretion to alter a judge-imposed sentence. *Id.* (citing *Commonwealth ex rel. Banks v. Cain*, 28 A.2d 897 (Pa. 1942)).

We disagree with Williams that the Board exceeded its authority when recalculating his maximum release date. Williams' argument is comparable to that raised by the parolee in *Young v. Bd. of Prob. and Parole*, 409 A.2d 843, 846 (Pa.

---

[3] We are mindful of the principle that an "attorney's obligation to the court is one that is unique and must be discharged with candor and with great care. The court and all parties before the court rely upon representations made by counsel." *Great Valley Sch. Dist. v. Zoning Hearing Bd. of E. Whiteland Twp.,* 863 A.2d 74, 79 (Pa. Cmwlth. 2004) (quoting *LaSalle Nat'l Bank v. First Connecticut Holding Grp., L.L.C. XXIII*, 287 F.3d 279, 293 (3d Cir. 2002)), *appeal denied*, 876 A.2d 398 (Pa. 2005). In this case, we see no reason to believe Counsel has been anything other than candid regarding her communication with Williams.

1979), who argued that "the denial of credit for time served on parole upon recommitment for the commission of a subsequent offense represents an increase of the judicially mandated sentence." Rejecting that argument, our Supreme Court explained that the "Board's power to deny credit for [time served at liberty] is not an encroachment upon the judicial sentencing power," because the denial effectively reinstates the remainder of the parolee's unexpired, judge-imposed term of imprisonment. *Id.* at 846-47. The Court further noted that granting a delinquent parolee the benefit of time at liberty, "during which he ignored the conditions of his parole[,] would render parole impotent as a corrective device and would in fact *lessen* the judicially mandated period of custody." *Id.* at 848 (emphasis added). We therefore conclude that Williams' first argument is without merit.

Second, Williams contends that the Board erred as a matter of law when it failed to specify which "crime of violence" was committed under 42 Pa.C.S. § 9714(g) when ruling that Williams was ineligible for credit for time spent at liberty. Williams further observes that the provision only pertains to the sentencing court, and that the Board is therefore unauthorized to deprive him of that credit.

We reject Williams' second argument. Section 6138(a)(2.1)(i) of the Parole Code provides that the Board "may, in its discretion, award credit to an offender . . . . for the time spent at liberty on parole," unless the parolee has committed a "crime of violence" while on parole. 61 Pa.C.S. § 6138(a)(2.1)(i). Section 9714(g) of the Crimes Code further provides that the "crime of violence" category comprises aggravated assault,[4] of which Williams was convicted. 42 Pa.C.S. § 9714(g). This Court has held that the plain language of the statute "unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his

---

[4] *See* 18 Pa.C.S. § 2702(a)(1)-(2).

sentence, **except** when the CPV is recommitted for certain enumerated classifications, including crimes of violence." *Bailey v. Pa. Parole Bd.*, 323 A.3d 259, 264 (Pa. Cmwlth. 2024). Given that Williams has acknowledged his conviction of aggravated assault and that the Board was required to deprive him of credit on that ground, we deem his second argument to be meritless.

Third, Williams contends that the Board failed to grant the appropriate credit for his periods of federal and local custody. Specifically, Williams argues that he is entitled to credit for the period running from January 29, 2020, to April 4, 2024, during which he "was incarcerated solely on a [p]arole detainer." Am. Pet. ¶ 16. In support, Williams cites our Supreme Court's holding in *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980) for the premise that, when a defendant has met bail requirements on new charges, his time spent in custody solely on a Board detainer "shall be credited against his original sentence," while it shall be credited against his new sentence if "he has failed to satisfy bail requirements on the new criminal charges."

Williams' third argument, too, is without merit. His contention that he was detained for nearly four years—from his Board warrant arrest on January 28, 2020, until April 4, 2024, the mail date of the Board's decision deeming him a CPV—ignores the fact that he was indicted on Philadelphia charges on January 31, 2020, and indicted federally later that year. Thus, for all but two days of the period he describes, he was not detained solely on a parole detainer, but pursuant to new charges in the trial court and in federal court. We therefore conclude that the Board correctly identified the time owed when it computed Williams' new maximum release date.

For the foregoing reasons, we agree with Counsel that Williams' Amended

7

Petition is lacking in merit.  Accordingly, we grant the Withdrawal Application and affirm the Board's order denying Williams' administrative appeals.


                           _____

                           MATTHEW S. WOLF, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Kevin Williams,                          :
                    Petitioner          :
                                         :
            v.                           :      No.  1279 C.D. 2024
                                         :
Pennsylvania Parole Board,               :
                    Respondent          :


# O R D E R


AND NOW, this 13th day of February 2026, the application to withdraw from representation submitted by Dana Greenspan, Esquire, in the above-captioned matter is GRANTED. The final determination of the Pennsylvania Parole Board, mailed on September 9, 2024, in the above-captioned matter is AFFIRMED.


_____
MATTHEW S. WOLF, Judge