J. S15044/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JULIAN WILLIS, | : | No. 1588 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, January 8, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0009854-2013,
CP-51-CR-0010365-2013

BEFORE:  BOWES, J., DUBOW, J. AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 06, 2017**

Julian Willis appeals from the judgment of sentence of January 8, 2016, following his conviction of sexual offenses. On appeal, appellant challenges the discretionary aspects of his sentence. We affirm.

The trial court has aptly summarized the history of this case as follows:

> On July 13, 2013, [appellant] was arrested and charged on two separate bills of information with inter alia[:] 1) Attempted Rape by Forcible Compulsion and Unlawful Contact with a Minor at CP-51-CR-0009854-2013;[Footnote 1][[1]]        and, 2) Unlawful Contact with a Minor, Involuntary Deviate Sexual Intercourse (IDSI) with a Child, and Rape of a Child at CP-51-CR-0010365-

---

[1] The 11-year-old victim, J.S., was sleeping in bed when appellant laid down beside her, pulled her underwear down, and rubbed his penis between her buttocks. (Notes of testimony, 1/8/16 at 5-6, 20.)

2013.[Footnote 2][²] [Appellant] entered into an open guilty plea on April 24, 2015, to these charges. On January 8, 2016, [appellant] was sentenced to consecutive periods of confinement in a state correctional facility of two to five years on the charge of Criminal Attempt to Commit Rape by Forcible Compulsion at CP-51-CR-0009854-2013, five to ten years on the charge of IDSI, and five to ten years on the charge of Rape of a Child at CP-51-CR-0010365-2013, resulting in an aggregate total of 12 to 25 years['] confinement. The Court entered an order of guilt without further penalty on both charges of Unlawful Contact with a Minor.

[Footnote 1] 18 Pa.C.S.A. [§] 901(a); 18 Pa.C.S.A. [§] 6318(a)(1).

[Footnote 2] 18 Pa.C.S.A. [§] 6318(a)(1); [18 Pa.C.S.A. § 3123(b);] 18 Pa.C.S.A. [§] 3121(c).

On January 14, 2016, [appellant] timely filed a Motion for Reconsideration of Sentence, which was denied by Operation of Law pursuant to Rule 720(B)(3)(c) of the Pennsylvania Rules of Criminal Procedure on May 17, 2016. On May 19, 2016, [appellant] timely filed the instant appeal to the Superior Court of Pennsylvania. On June 6, 2016, this Court filed and served on [appellant] an Order pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, directing [appellant] to file and serve a Statement of Errors Complained of on Appeal within 21 days of the Court's Order. On June 10, 2016, [appellant] timely filed a Preliminary Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.App.P. 1925(b).

Trial court opinion, 9/21/16 at 1-2.

Appellant has raised the following issue for this court's review:

---

² Appellant repeatedly raped the 9-year-old victim, K.B., orally and vaginally over a four-month period. (Notes of testimony, 1/8/16 at 6, 9, 21.)

I. Whether [appellant]'s sentence was an abuse of discretion as he was sentenced by the court to 2-5 followed by 10-20 years consecutive for an aggregate 12-25 years[?] The court did not thoroughly consider [appellant]'s already lengthy incarceration, attempts at rehabilitation, his ability for rehabilitation, strong work ethic, acceptance of responsibility through a plea, acceptance of responsibility through giving a statement to police, his rehabilitative needs, very young age, mental health issues noted in the presentence investigation, own abuse as a child and that it was his first offense.

Appellant's brief at 5 (capitalization deleted).[3]

---

[3] We note that appellant's statement of the case contains argument, in violation of Pa.R.A.P. 2117(b), which provides: "**(b) All argument to be excluded.** The statement of the case shall not contain any argument. It is the responsibility of appellant to present in the statement of the case a balanced presentation of the history of the proceedings and the respective contentions of the parties." (Appellant's brief at 9.) Furthermore, appellant's summary of the argument states that, "[The trial court] sentenced [appellant] well above the guidelines in a consecutive manner." (*Id.* at 10.) This statement is demonstrably false, as set forth *infra*. In fact, appellant's sentences, while run consecutively, were at or below the mitigated range of the guidelines. We caution counsel that,

> An attorney's obligation to the court is one that is unique and must be discharged with candor and with great care. The court and all parties before the court rely upon representations made by counsel. We believe without qualification that an attorney's word is his bond.

> *LaSalle National Bank v. First Connecticut Holding Group, L.L.C. XXIII*, 287 F.3d 279, 293 (3d Cir. 2002) (quoting *Baker Industries, Inc. v. Cerberus, Ltd.*, 764 F.2d 204, 212 (3d Cir. 1985)).

Preliminarily, we note that "there is no absolute right to appeal when challenging the discretionary aspect of a sentence." ***Commonwealth v. Ahmad***, 961 A.2d 884, 886 (Pa.Super. 2008). An appellant must first satisfy a four-part test to invoke this Court's jurisdiction. We examine

(1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa.Super. 2013) (citation omitted).

***Commonwealth v. Schrader***, 141 A.3d 558, 563 (Pa.Super. 2016).

Here, appellant filed a timely notice of appeal. He also filed a timely post-sentence motion challenging the discretionary aspects of his sentence. Appellant has included the requisite Rule 2119(f) statement in his brief. (Appellant's brief at 7-8.) Therefore, we turn to whether appellant has set forth a substantial question for this court's review.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Edwards***, 71 A.3d 323, 330 (Pa.Super. 2013) (citations omitted). "A

---

***Great Valley School Dist. v. Zoning Hearing Bd. of East Whiteland Tp.***, 863 A.2d 74, 79 (Pa.Cmwlth. 2004), ***appeal denied***, 876 A.2d 398 (Pa. 2005).

> substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.*** (citations omitted). "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa.Super. 2012).

***Commonwealth v. Diehl***, 140 A.3d 34, 44-45 (Pa.Super. 2016), ***appeal denied***, ___ A.3d ___, 2016 WL 6246754 (Pa. 2016).

In his Rule 2119(f) statement, appellant argues that the trial court failed to give adequate weight to mitigating factors, including his mental health issues, his cooperation with police, and the fact that he was also a victim of child sexual abuse. (Appellant's brief at 7.) Appellant claims that his aggregate sentence of 12 to 25 years' imprisonment was manifestly excessive and unreasonable. (***Id.*** at 7-8.)

The trial court heard testimony from appellant and his family, as well as argument from counsel, and was well aware of the mitigating evidence in appellant's favor. (Notes of testimony, 1/8/16 at 9-23.) The trial court also had the benefit of a pre-sentence investigation ("PSI") report. "[W]here the sentencing judge had the benefit of a [PSI] report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Clarke***, 70 A.3d 1281, 1287 (Pa.Super.

2013), *appeal denied*, 85 A.3d 481 (Pa. 2014), quoting *Commonwealth v. Bricker*, 41 A.3d 872, 876 n.9 (Pa.Super. 2012) (quotation and quotation marks omitted); *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) ("It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand").

To the extent appellant argues that the trial court gave insufficient weight to certain mitigating factors, including his mental health issues and acceptance of responsibility, he fails to raise a substantial question of inappropriateness. *Commonwealth v. Lopez*, 627 A.2d 1229 (Pa.Super. 1993) (allegation that sentencing court failed to attach sufficient weight to mitigating factors of record does not present a substantial question); *Commonwealth v. Jones*, 613 A.2d 587 (Pa.Super. 1992), *appeal denied*, 629 A.2d 1377 (Pa. 1993) (arguments that sentencing court improperly weighed various legitimate factors does not raise a substantial question); *Commonwealth v. Williams*, 562 A.2d 1385, 1388 (Pa.Super. 1989) (an allegation that the trial court did not adequately consider certain mitigating factors is, in effect, a request that this court substitute its judgment for that of the trial court in fashioning appellant's sentence). Indeed, each of appellant's sentences in this case was within the mitigated range of the sentencing guidelines. (Notes of testimony, 1/8/16 at 8, 23; trial court opinion, 9/21/16 at 5-6.) The trial court rejected the Commonwealth's sentencing recommendation of 24 to 48 years'

incarceration. (Notes of testimony, 1/8/16 at 12.) *See Commonwealth v. Maneval*, 688 A.2d 1198, 1199-1200 (Pa.Super. 1997) ("Generally, if the sentence imposed falls within the sentencing guidelines, no substantial question exists."), citing *Commonwealth v. Johnson*, 666 A.2d 690, 692 (Pa.Super. 1995); *Commonwealth v. Mobley*, 581 A.2d 949, 952 (Pa.Super. 1990) (claim that sentence failed to take into consideration the defendant's rehabilitative needs and was manifestly excessive did not raise a substantial question where sentence was within statutory guidelines and within sentencing guidelines).

Similarly, appellant's argument that the trial court abused its discretion by running his sentences consecutively fails to raise a substantial question. The trial court concluded that consecutive sentences were appropriate where there were separate criminal acts involving multiple victims. (Notes of testimony, 1/8/16 at 22-23; trial court opinion, 9/21/16 at 7-8.) "In imposing a sentence, the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed." *Commonwealth v. Perry*, 883 A.2d 599, 603 (Pa.Super. 2005) (citations omitted).

> Long standing precedent of this Court recognizes that 42 Pa.C.S.A. section 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. *Commonwealth v. Graham*, 541 Pa. 173, 184, 661 A.2d 1367, 1373 (1995). . . . Any challenge to the exercise of this discretion

- 7 -

> ordinarily does not raise a substantial question. ***Commonwealth v. Johnson***, 873 A.2d 704, 709 n.2 (Pa.Super. 2005); ***see also Commonwealth v. Hoag***, 445 Pa.Super. 455, 665 A.2d 1212, 1214 (Pa.Super. 1995) (explaining that a defendant is not entitled to a "volume discount" for his or her crimes).

***Commonwealth v. Mastromarino***, 2 A.3d 581, 586-587 (Pa.Super. 2010), ***appeal denied***, 14 A.3d 825 (Pa. 2011), quoting ***Commonwealth v. Gonzalez-Dejusus***, 994 A.2d 595, 599 (Pa.Super. 2010). "[T]he key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." ***Id.*** at 587, quoting ***Gonzalez-Dejusus***, ***supra***.

The aggregate sentence of 12 to 25 years' imprisonment is neither grossly disparate to appellant's conduct nor does it "viscerally appear as patently 'unreasonable.'" ***Id.*** at 589, quoting ***Gonzalez-Dejusus***, ***supra***. We agree with the trial court that given the facts of the case, consecutive sentences were warranted. In fact, as the Commonwealth observes, the trial court exercised considerable leniency in imposing a below-guideline sentence. (Commonwealth's brief at 10.) There is nothing to review here.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2017