# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Bolden,  :
          Petitioner  :
  :
      v.  :   No.  1286 C.D. 2024
  :
Pennsylvania Parole Board,  :
          Respondent  :   Submitted:  November 6, 2025

BEFORE:   HONORABLE LORI A. DUMAS, Judge
              HONORABLE MATTHEW S. WOLF, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                            FILED:  March 27, 2026

Kevin Bolden (Bolden) petitions for review of the final determination of the Pennsylvania Parole Board (Board) mailed September 16, 2024.  The Board affirmed its prior decisions recorded April 16, 2024, and July 22, 2024, thereby denying Bolden's request for administrative relief from those decisions.  Bolden's counsel, David Crowley, Esquire (Counsel), has filed an application to withdraw as counsel and accompanying no-merit letter[1] stating that Bolden's petition for review

---

[1] In *Anders v. California*, 386 U.S. 738, 744 (1967), the United States Supreme Court held that before a criminal defendant's counsel may withdraw from representing his client in an appeal, counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit.  An appeal is completely or "wholly" frivolous when there are no factual or legal justifications that support the appeal.  *Craig v. Pa. Bd. of Prob. & Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985). In seeking to withdraw, counsel must submit a petition to withdraw and a brief "referring to anything in the record that might arguably support the appeal." *Commonwealth v. Baker*, 239 A.2d 201, 202 (Pa. 1968) (quoting *Anders*, 386 U.S. at 744). The Pennsylvania
**(Footnote continued on next page…)**

is meritless.  For the following reasons, we grant Counsel's application to withdraw and affirm the Board's decision.

By action recorded December 11, 2019, the Board granted Bolden parole. Certified Record (C.R.) at 13.  Bolden was released from confinement at a State Correctional Institution (SCI) on January 17, 2020, with a maximum sentence date of August 13, 2023.  *Id.* at 15.

On August 2, 2023, the Philadelphia Police Department arrested Bolden and filed new charges against him for felony and misdemeanor firearms offenses.  C.R. at 29, 36.  The Board lodged a warrant to commit and detain Bolden as a parole violator pending the new charges.  *Id.* at 22.  Bolden was held in the Philadelphia Industrial Correctional Center on $250,000.00 bail on the new charges, which he did not post.  *Id.* at 35, 58.  The Board cancelled its detainer warrant at the expiration of Bolden's original maximum sentence date on August 13, 2023.  *Id.* at 23.

On March 7, 2024, Bolden pled guilty to the new charges.  C.R. at 36. On March 12, 2024, the Board reissued its warrant to commit and detain Bolden based on his new conviction.  Bolden waived his right to a parole revocation hearing and his right to counsel. *Id.* at 25-26.  The Board prepared a hearing report revoking Bolden's parole, which Board members signed on March 28, 2024.  *Id.* at 51.  By action recorded April 16, 2024, the Board recommitted Bolden as a convicted parole violator (CPV) to serve 24 months' backtime based on the new convictions.  *Id.* at 55-56.  The Board did not at that time state whether it would grant or deny Bolden

---

Supreme Court, however, has held that in matters that are collateral to an underlying criminal proceeding, such as parole matters, counsel seeking to withdraw from representation of a client may file a "no-merit" letter that includes information describing the extent and nature of counsel's review, listing the issues the client wants to raise, and informing the Court why counsel believes the issues have no merit. *Commonwealth v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988).

credit for time at liberty on parole or recalculate his maximum sentence date. *Id.*

On June 17, 2024, Bolden was sentenced on the new convictions to one to four years' incarceration and five years' probation. C.R. at 59. By action recorded July 22, 2024, the Board supplemented its earlier recommitment decision with the determination that it would deny Bolden credit for time at liberty on parole. *Id.* at 66-67. The Board explained that the new convictions involve possession of a weapon, which warrants denial of credit. *Id.* The Board recalculated Bolden's maximum sentence date as January 11, 2028. *Id.*

Bolden filed three requests for administrative relief with the Board during the foregoing proceedings. The first request, filed May 8, 2024, generally challenged his recommitment. C.R. at 68. The second request, filed August 1, 2024, claimed that the Board's recalculation of his maximum sentence date violates his constitutional protection against double jeopardy. *Id.* at 70. The third request, filed August 16, 2024, claimed that the Board erred in not announcing its decision to award or deny credit contemporaneously with its decision to recommit, rendering its credit determination void. *Id.* at 72 (citing *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466 (Pa. 2017)).

In a decision mailed September 16, 2024, the Board responded to all of Bolden's requests for administrative relief and affirmed its recommitment decision (recorded April 16, 2024) and its credit decision (recorded July 22, 2024). C.R. at 74-76. The Board reasoned, in relevant part:

> First, in regards to the Board decision recorded April 16, 2024, the Board regulation authorizing administrative relief states that administrative appeals must "present with accuracy, brevity, clearness and specificity whatever is essential to a ready and adequate understanding of the factual and legal points requiring consideration." 37 Pa. Code § 73.1. Your client's request for relief does not

3

indicate that the Board made any actual evidentiary, procedural, or calculation errors when it recommitted him as a convicted parole violator. In this case, he submitted a blank administrative remedies form with no issues raised. Such a request constitutes a general plea for leniency. A general plea for leniency does not qualify as a request for relief under the regulation. Therefore, his request for relief must be dismissed for failure to present adequate factual and legal points for consideration against the Board.

Next, we will address the Board decision recorded July 22, 2024. The decision on whether to grant or deny a CPV credit for time at liberty on parole is purely a matter of discretion. The Prisons and Parole Code[2] authorizes the Board to grant or deny credit for time at liberty on parole for certain criminal offenses. 61 Pa. C.S. § 6138(a)(2.1). Pursuant to the Supreme Court's ruling in *Pittman v. Pa. Bd. Of Prob. & Parole,* the Board must articulate the basis for its decision to grant or deny a CPV credit for time spent at liberty on parole. In this case, the Board articulated that Mr. Bolden was denied such credit because he committed a new offense involving possession of a weapon. Considering your client's new convictions of Possession Of A Firearm Prohibited, Firearms Not To Be Carried Without A License, and Carry Firearms In Public In Philadelphia, the reason is supported. Therefore, the panel finds the reason indicated to deny him credit for the time spent at liberty on parole is sufficient.

The Board recalculated Mr. Bolden's maximum date to January 11, 2028[,] based on his recommitment as a [CPV]. The Prisons and Parole Code gives the Board the statutory authority to recalculate the maximum dates of CPVs to reflect that they received no credit for the time spent at liberty on parole. 61 Pa. C.S. § 6138(a)(2). The Board advised him of this potential penalty on the parole conditions he signed on January 16, 2020. He also had constructive notice of this potential penalty via the statute. Additionally, the ability to challenge the recalculation decision after it is imposed satisfies his due process rights. Thus, the recalculation of his maximum date does not

---

[2] 61 Pa.C.S. §§ 101-7301.

4

> violate any constitutional provisions, including double jeopardy. *Young v. Commonwealth,* 409 A.2d 843 (Pa. 1979).

*Id.* Bolden timely petitioned this Court for review.

We first address Counsel's application to withdraw. A parolee has a constitutional right to counsel only if the parolee claims either (1) he did not commit the alleged violation of parole or (2) he committed the violation but there are substantial mitigating factors that are "complex or otherwise difficult to develop or present." *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009) (en banc) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). Bolden admits he committed the crimes for which he was convicted, and the record suggests no reason to justify or mitigate the parole violation. Thus, Bolden has only a statutory right to counsel under Section 6(a)(10) of the Public Defender Act.[3]

When no constitutional right to counsel is involved in a parole case, an attorney seeking to withdraw may file a no-merit letter instead of an *Anders* brief. *Turner*, 544 A.2d at 928-29. To satisfy the procedural requirements of withdrawal under *Turner*, "[c]ounsel must also send to the petitioner: (1) a copy of the 'no-merit' letter . . . ; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007)). An attorney's no-merit letter must also include the following substantive information: (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and (3) the analysis counsel used in concluding that the issues are meritless. *Id.* at 961.

Counsel served Bolden with the application to withdraw and no-merit

---

[3] Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10).

letter. Regarding the third procedural requirement, Counsel represents that he advised Bolden of the right to proceed *pro se* or with new counsel. Appl. to Withdraw ¶ 3.[4] We conclude that Counsel has complied with the procedural requirements of *Zerby* for withdrawal under *Turner*.

Counsel's no-merit letter also contains an adequate summary of Bolden's parole and conviction history, identifies the issues Bolden wishes to raise on appeal, and provides an analysis of each issue and explanation of why Counsel believes each is without merit. Counsel's no-merit letter thus meets the requirements of *Zerby* and we may proceed to determine whether Counsel is correct that the issues Bolden raises have no merit.

First, regarding the Board's recommitment decision recorded April 16, 2024, "issues not raised by a CPV before the Board in an administrative appeal are waived for purposes of appellate review," and the request for administrative relief must specifically identify factual or legal bases for relief. *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1094 (Pa. Cmwlth. 1993). Bolden's initial request for administrative relief from the Board's recommitment decision did not identify any issue or alleged error in that decision. Accordingly, we agree with the Board and Counsel that any challenge to that determination specifically has no merit.

However, Bolden did preserve challenges to the Board's later determinations regarding credit for time at liberty on parole. First, he claims that by extending his maximum sentence date after denying him credit for time at liberty on

---

[4] We are mindful of the principle that an "attorney's obligation to the court is one that is unique and must be discharged with candor and with great care. The court and all parties before the court rely upon representations made by counsel." *Great Valley Sch. Dist. v. Zoning Hearing Bd. of E. Whiteland Twp.,* 863 A.2d 74, 79 (Pa. Cmwlth. 2004) (quoting *LaSalle Nat'l Bank v. First Connecticut Holding Grp., L.L.C. XXIII*, 287 F.3d 279, 293 (3d Cir. 2002), *appeal denied*, 876 A.2d 398 (Pa. 2005)). We see no reason to believe Counsel has been anything other than candid regarding his communication with Bolden.

parole, the Board has violated his constitutional protections against double jeopardy.[5] "[P]arole revocation proceedings before the [B]oard are administrative in nature rather than criminal"; thus, "the constitutional protections against double jeopardy do not apply." *Epps v. Pa. Bd. of Prob. & Parole*, 565 A.2d 214, 217 (Pa. Cmwlth. 1989). The Board's recalculation of Bolden's maximum sentence date does not increase Bolden's original sentence, and this issue is without merit. *Staton v. Pa. Bd. of Prob. & Parole*, 171 A.3d 363, 367 (Pa. Cmwlth. 2017).

Finally, Bolden claims the Board violated *Pittman* by making its decision to deny credit for time at liberty on parole separately from, and after, its decision to recommit. *Pittman* requires only that *when the board denies credit* for time at liberty on parole, the Board must "provide a contemporaneous statement explaining its reason." 159 A.3d at 475. Here, the Board did so. The Board did not make a credit determination one way or the other in its recommitment decision; it denied credit by separate decision thereafter on July 22, 2024. In that second decision, the Board contemporaneously explained that its denial of credit was based on Bolden's conviction involving possession of a weapon. This satisfied *Pittman*. Even if the Board had not given a *Pittman* explanation, we would ordinarily remand for it to do so. *Smoak v. Talaber*, 193 A.3d 1160, 1164 (Pa. Cmwlth. 2018). In this case, it has already given an explanation. We conclude this issue lacks merit.

---

[5] *See* U.S. CONST. amend. V.; PA. CONST. art. I, § 10.

7

For these reasons, we agree with Counsel that Bolden's petition for review lacks merit. We therefore grant Counsel's application to withdraw as counsel and affirm the order of the Board denying Bolden's administrative appeals.

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Bolden,                          :
                    Petitioner         :
                                       :
            v.                         :     No.  1286 C.D. 2024
                                       :
Pennsylvania Parole Board,             :
                    Respondent         :

# **O R D E R**

AND NOW, this 27th day of March 2026, the application to withdraw as counsel filed by David Crowley, Esquire, is GRANTED, and the final determination of the Pennsylvania Parole Board mailed September 16, 2024, is AFFIRMED.

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Bolden, : 
        Petitioner : 
         : 
        v. : No. 1286 C.D. 2024
         : Submitted: November 6, 2025
Pennsylvania Parole Board, : 
        Respondent : 

BEFORE:   HONORABLE LORI A. DUMAS, Judge
             HONORABLE MATTHEW S. WOLF, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## *OPINION NOT REPORTED*

**CONCURRING OPINION BY**
**JUDGE DUMAS**                                **FILED: March 27, 2026**

Respectfully, I concur. I agree with the majority's well-reasoned analysis regarding the merits of Bolden's case and the substantive requirements of a proper *Turner* letter[1] filed by David Crowley, Esquire (Counsel).

---

[1] Initially, appointed counsel was required to file an *Anders* brief, which included a neutral presentation of the legal issues. *See Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981), *abrogated on other grounds*, *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). Later, the United States Supreme Court reasoned that the substantive *Anders* requirements did not apply where there was no constitutional right to counsel, *see Pennsylvania v. Finley*, 481 U.S. 551 (1987), and the Pennsylvania Supreme Court adopted a less stringent standard in which appointed counsel was required to provide a "no-merit" letter, "which details the nature and extent of the attorney's review and lists each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless." *Zerby v. Shanon*, 964 A.2d 956, 959 (Pa. Cmwlth. 2009) (discussing *Commonwealth v. Turner*, 544 A.2d 928 (Pa. 1988)) (cleaned up).

However, I would find that Counsel has failed to satisfy the technical requirements for withdrawal and deny Counsel's Application to Withdraw (Application). As outlined in my dissenting opinion in *Walker v. Pennsylvania Parole Board* (Pa. Cmwlth. No. 492 C.D. 2023, filed Jan. 7, 2026),[2] *before* any request to withdraw may be considered, appointed counsel must: (1) notify the client of his request to withdraw, (2) furnish the client with a copy of his no-merit letter, *and* (3) provide the client with a statement advising the client of his right to retain new counsel or raise any points he may deem worthy of consideration in a *pro se* brief. *See, e.g.*, *White v. Pa. Bd. of Prob. & Parole*, 276 A.3d 1247, 1254 (Pa. Cmwlth. 2022); *Zerby v. Shanon*, 964 A.2d 956, 959 (Pa. Cmwlth. 2009); *Craig v. Pa. Bd. of Prob. & Parole*, 502 A.2d 758 (Pa. Cmwlth. 1985).

In this case, Counsel has averred that he notified Bolden of his request to withdraw and advised him of his right to retain counsel or raise any points that he may deem worthy of consideration. *See* Appl. to Withdraw as Counsel, 1/6/25. In my view, this is insufficient. Absent from this averment is any detail describing Counsel's notification or advice. Thus, the Court is left to guess: (1) when Counsel notified Bolden that his claims were meritless and that Counsel would seek leave to withdraw; (2) the manner of Counsel's notification; and (3) the substance of Counsel's advice. Further, it has long been accepted that appointed counsel must promptly inform a client. *See, e.g., Craig*, 502 A.2d at 760 ("[T]he prisoner must be given a reasonable opportunity to respond to that motion by securing substitute counsel or filing a *pro se* brief."). Here, however, the Court is left with the rather unsettling possibility that Bolden did not learn of Counsel's intentions until Counsel

---

[2] *See Walker v. Pa. Parole Bd.* (Pa. Cmwlth. No. 492 C.D. 2023, filed Jan. 7, 2026) (Dumas, J., dissenting) for a broad discussion of the technical requirements and the governing legal framework.

had served the application and no-merit letter on Bolden. Most importantly, Counsel has not attached a copy of his statement to Bolden, and Counsel's bald averment lacks any objective evidence to support it.

For these reasons, I would deny without prejudice Counsel's application to withdraw and direct Counsel either to file an advocate's brief or to refile a no-merit letter with a renewed application to withdraw supported by attaching his statement to Bolden.[3] *See Commonwealth v. Muzzy*, 141 A.3d 509, 511-12 (Pa. Super. 2016) (denying Post Conviction Relief Act[4] counsel's petition to withdraw because counsel's statement to appellant was deficient); *Commonwealth v. Millisock*, 873 A.2d 748, 751-52 (Pa. Super. 2005) (citing the procedural requirements adopted by *Anders* and *McClendon*, disapproving counsel's failure to attach to his petition a copy of his letter to client, and "opin[ing] that the prudent course is to require counsel henceforth to attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights");[5] *Commonwealth v. Koubidina*, 328 A.3d 520 (Pa. Super. 2024), 2024 WL 4275122, at *2 (disapproving PCRA counsel's incorporation of a statement of rights in counsel's no-merit letter and explicitly denying counsel's application to withdraw because counsel had failed to attach to her petition a copy of the letter purportedly sent to client outlining his rights);[6] *see also, e.g.*, *Commonwealth v. Frazier*, 330 A.3d 822, 824-25 (Pa. Super. 2024) (noting that the court would normally deny a petition to withdraw filed by counsel when counsel has not attached to her application a

---

[3] To be clear, I do not question Counsel's sincerity; Counsel's averments speak for themselves.

[4] 42 Pa.C.S. §§ 9541-9546.

[5] Although decisions of the Superior Court are not binding on this Court, they may provide persuasive authority where they address analogous issues. *See Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018); 210 Pa. Code § 65.37; Pa.R.A.P. 126(b).

[6] We can cite as persuasive unpublished decisions of the Superior Court filed after May 1, 2019. *See* Pa.R.A.P. 126(b); 210 Pa. Code § 69.414(a).

letter/statement to client advising client of his rights but instead granting the petition and remanding to the lower court for the appointment of new counsel in the interests of judicial economy).

Nevertheless, I recognize that this Court has often accepted such averments from counsel. *See, e.g.*, *Moy v. Pa. Parole Bd.* (Pa. Cmwlth. No. 259 C.D. 2023, filed Sept. 18, 2024) (accepting counsel's bald averment that he had informed the petitioner of his rights); *Mills v. Pa. Parole Bd.* (Pa. Cmwlth. No. 255 C.D. 2023, filed April 10, 2024) (accepting counsel's averment detailing when and how counsel advised petitioner of his rights).[7]  Absent formally adopted guidance and notice that this Court will consistently evaluate the technical requirements imposed on appointed counsel before we will consider an application to withdraw, I acknowledge that the majority's disposition is consistent with this Court's current practice.

For these reasons, I concur.

_____
**LORI A. DUMAS, Judge**

---

[7] We can cite as persuasive unpublished decisions of this Court filed after January 15, 2008. *See* Pa.R.A.P. 126(b); 210 Pa. Code § 69.414(a).

LAD - 4